# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
SANDRA P. GELSI, BAR NO. 11861.

No. 78114

FILED

MAY 14 2019

*ORDER APPROVING CONDITIONAL GUILTY PLEA*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, an amended conditional guilty plea agreement in exchange for a stated form of discipline for attorney Sandra P. Gelsi. Under the agreement, Gelsi admitted to violating RPC 1.15 (safekeeping property) and agreed to a one-year stayed suspension subject to certain probationary conditions.

Gelsi has admitted to the facts and violation as part of her guilty plea agreement. The record therefore establishes that Gelsi violated RPC 1.15 (safekeeping property) by failing to properly manage her trust account, whereby her trust account suffered deficits resulting from improper fee disbursals. Nonetheless, all of her clients and their lienholders received their funds.

The issue for this court is whether the agreed-upon discipline is sufficient to protect the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining the purpose of attorney discipline). In determining the appropriate discipline, we weigh four factors: "the duty violated, the

19-21193

lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Gelsi admitted to knowingly violating a duty owed to her clients (safekeeping property). While no actual injury was sustained, there was potential harm. The baseline sanction before considering aggravating or mitigating circumstances is suspension. Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.12 (Am. Bar Ass'n 2017) (providing that suspension is appropriate when "a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client"). The record supports the panel's findings of three aggravating circumstances (pattern of misconduct, multiple offenses, and substantial experience in the practice of law) and six mitigating circumstances (absence of prior disciplinary record, absence of dishonest or selfish motive, personal or emotional problems, timely good faith effort to make restitution or to rectify consequences of misconduct, full and free disclosure to disciplinary authority or cooperative attitude toward proceeding, and remorse). Considering all four factors, we conclude that the agreed-upon discipline is appropriate.

Accordingly, we hereby suspend attorney Sandra P. Gelsi from the practice of law for one year from the date of this order, with that suspension stayed subject to the following conditions. Gelsi will have no new grievance arising out of conduct post-dating the conditional guilty plea that results in the imposition of actual discipline against her during the stayed suspension. Within 30 days of the date of this order, Gelsi shall hire, at her own expense, a certified public accountant (CPA) to review her

Operating and IOLTA accounts to ensure Gelsi maintains those accounts in compliance with applicable Nevada rules and statutes. Gelsi shall employ the CPA during the stayed suspension and the CPA shall provide quarterly reports to the State Bar of Nevada that summarize Gelsi's accounting records. Gelsi shall employ a qualified person to serve as a bookkeeper for not less than 12 months after the stayed suspension ends. In addition to any other CLE requirement, Gelsi shall complete 10 hours of CLE in accounting practices and/or law practice management during the stayed suspension and provide proof of attendance for those CLE hours to the State Bar by the last day of the stayed suspension. Lastly, Gelsi shall pay the costs of the disciplinary proceedings, including $2,500 under SCR 120, within 30 days from the date of this order. The State Bar shall comply with SCR 121.1.

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:    Chair, Southern Nevada Disciplinary Board
Jeffrey S. Posin & Associates
Bar Counsel, State Bar of Nevada
Executive Director, State Bar of Nevada
Admissions Office, U.S. Supreme Court